**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 10-cv-03002-CMA-CBS

DAVID T. BOEKE, and
DOROTHY A. BOEKE,

      Plaintiffs,

v.

HSBC MORTGAGE CORPORATION USA,
CASTLE MEINHOLD & STAWIARSKI, LLC,
VERTEX FINANCIAL GROUP, INC.,
STATE OF COLORADO, and
GOVERNOR JOHN HICKENLOOPER, in his official capacity.

      Defendants.

---

**ORDER CONVERTING PLAINTIFFS' MOTION TO DISMISS INTO
A NOTICE OF VOLUNTARY DISMISSAL**

---

This matter is before the Court on Plaintiffs David T. Boeke and Dorothy A. Boeke's Motion to Dismiss Defendants HSBC and Castle, Meinhold & Stawiarski, LLC Without Prejudice and Motion to Dismiss Defendants Vertex Financial Group, Inc., and Governor John W. Hickenlooper, in His Official Capacity, With Prejudice (Doc. # 71). For the following reasons, the Motion is converted to a Notice of Voluntary Dismissal under Fed. R. Civ. P. 41(a)(1)(A).

## I. BACKGROUND

This action arises from Defendants HSBC and Castle Meinhold & Stawiarski, LLC's ("Castle Meinhold") attempts to foreclose on a home Plaintiffs David T. Boeke and Dorothy A. Boeke purchased on March 14, 2001, with a mortgage through Bank of America, which was secured by Defendant Vertex Financial Group, Inc. ("Vertex"). Shortly before Plaintiffs closed on their home, Vertex contacted them with an offer to refinance their home at a better interest rate, which Plaintiffs did with Defendant HSBC Mortgage Corporation, USA ("HSBC"), on June 14, 2001. Plaintiffs assert that the terms of the refinanced mortgage were extremely unfavorable and caused them to default on their mortgage payments. Plaintiffs also state that Mr. Boeke's job loss in 2007 caused them to make half-payments on their mortgage; however, Defendant HSBC did not accept these partial payments and returned them to Plaintiffs by cashing the Plaintiffs' checks and remitting cashier's checks in the amount of the tendered partial payments. Additionally, HSBC charged Plaintiffs late fees and penalties, which Plaintiffs contend are in violation of the Fair Debt Collections Practices Act ("FDCPA") and in breach of Plaintiffs' contract with HSBC.

After Plaintiffs defaulted on their refinanced mortgage in 2007, HSBC's loss mitigation department and HSBC's outside counsel, Defendant Castle, Meinhold & Stawiarski, LLC ("Castle Meinhold"), initiated foreclosure proceedings. Concurrently, Plaintiffs attempted to modify their loan with HSBC, but HSBC failed to respond to their requests. Plaintiffs allege that, in an attempt to collect on the defaulted mortgage,

HSBC and Castle Meinhold "routinely violated the [FDCPA] by constant telephone harassment."

Plaintiffs further alleged that, in August of 2007, Plaintiffs were able to become "current on their mortgage and cured all past due amounts," as a result of Mr. Boeke's finding employment. Consequently, the pending foreclosure sale date was cancelled. However, Plaintiffs re-encountered financially difficult times in March of 2008, when Mr. Boeke's job was eliminated and they again defaulted on their mortgage.[1] Accordingly, HSBC's loss mitigation department and Castle Meinhold re-initiated foreclosure proceedings. Plaintiffs assert that from March 2008 onward, HSBC and Castle Meinhold "routinely violated the [FDCPA] by constant and continual telephone harassment and committed numerous other violations of the FDCPA." Plaintiffs further state that they attempted to modify their mortgage loan a second time, but despite "resubmitt[ing] the exact same documents numerous times," HSBC would continually claim that the documents were not received or HSBC would fail to process properly the documents.

On July 1, 2008, HSBC granted Plaintiffs a second, albeit a temporary, loan modification, which Plaintiffs fully paid. Nevertheless, Castle Meinhold initiated foreclosure proceedings for a third time. Accordingly, Plaintiffs assert that "HSBC and CASTLE [MEINHOLD] have acted in bad faith and have engaged in deceitful conduct

---

[1] Since that time, Mr. Boeke has not been able to find full-time employment, though he has obtained sporadic part-time employment through a temporary employment agency.

and have negotiated dishonestly with Plaintiffs[.]" Plaintiffs further state that they "have detrimentally relied upon material misrepresentations made to them by HSBC and CASTLE [MEINHOLD] including, but not limited to, false and deceptive statements that CASTLE [MEINHOLD] was not proceeding down the foreclosure track while Plaintiffs were in good faith negotiations with HSBC regarding a mortgage loan modification." Plaintiffs further allege that HSBC and Castle Meinhold have transmitted "false and adverse credit information" about them to various credit reporting agencies, which has impaired their credit rating. Additionally, their loan was "assigned or transferred no less than three times within the HSBC umbrella."

On November 5, 2010, Plaintiffs contacted Castle Meinhold via written correspondence to dispute the firm's reports that Plaintiffs' debt is in default, request verification of the debt and the original creditor's identity, and request a payoff statement including a "full breakdown" of the debt. Plaintiffs assert that Castle Meinhold has failed to supply them with the requested information and has provided them with false, misleading, inaccurate and incomplete information about their loan in violation of the Fair Debt Collection Practices Act ("FDCPA"), the Colorado Debt Collections Practices Act ("CDCPA"), and contractual good faith and fair dealing. Plaintiffs also assert that Castle Meinhold's failures to respond are in violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601, *et seq.*, and the Truth in Lending Act ("TILA"), 15 U.S.C. §§, *et seq.*

As a result of Defendants' aforementioned alleged conduct, Plaintiffs initiated this action on December 13, 2010, asserting fourteen claims for relief against some or all of Defendants.

Defendants filed various Motions to Dismiss in January and February. (*See* Doc. ## 9, 29, 32, and 36.) On February 2, 2011, with leave of Court, Plaintiffs filed an Amended Complaint ("Complaint") to add Governor John W. Hickenlooper, in his official capacity, as a Defendant. (Doc. # 34.)[2] Plaintiffs did not add any factual allegations or claims or amend the original complaint in any other respect. Defendants HSBC and the State of Colorado filed Motions to Dismiss the Amended Complaint on February 24, 2011 and March 21, 2011, respectively. (Doc. ## 45, 59.) By April 4, 2011, Defendants' various Motions to Dismiss were fully-briefed.

On June 23, 2011, Plaintiffs filed the instant Motion (Doc. # 71), and Defendant Castle Meinhold responded on June 24, 2011 (Doc. # 72.)

## II.  ANALYSIS

In the instant Motion, Plaintiffs seek the voluntary dismissal **without** prejudice of Defendants HSBC and Castle, Meinhold & Stawiarski, LLC and voluntary dismissal **with** prejudice of Defendants Vertex Financial Group, Inc., and Governor John W. Hickenlooper, in his official capacity. (Doc. #71 at 2). In support, Plaintiffs state that HSBC and Castle Meinhold "will suffer no prejudice through dismissal of this action" and

---

[2]  Although Plaintiffs never filed a Notice of Dismissal with respect to the State of Colorado, and the State has not otherwise been dismissed from this action, the State is not a listed defendant in the Amended Complaint's caption.

dismissal without prejudice is in Plaintiffs' "best interest" and "[i]n the interests of justice." (*Id.*)

In opposition, Castle Meinhold asserts that dismissal <u>with</u> prejudice is warranted because otherwise it will be "unquestionably harm[ed]" and would be left "exposed to defend itself against an identically baseless and groundless action brought by these same plaintiffs in the future." (Doc. # 72 at 3-4.) Alternatively, Castle Meinhold asks the Court to dismiss the action "without prejudice upon payment of [ ] reasonable attorneys' fees and costs incurred in the defense of this matter to date." (*Id.* at 4.)

In support of and in opposition to dismissal without prejudice, Plaintiffs and Defendant Castle Meinhold refer to Fed. R. Civ. P. 41(a)(2), which concerns voluntary dismissal by court order. However, a closer reading of Rule 41 and consideration of the procedural posture of this case reveals that Plaintiffs may voluntarily dismiss this action <u>without</u> a court order. In pertinent part, Rule 41(a)(2) states, "**[e]xcept as provided in Rule 41(a)(1)**, an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." (emphasis added). Notably, Rule 41(a)(1)(A)(i) allows a plaintiff to dismiss an action <u>without</u> court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" In the instant case, Defendants have not filed an answer and no motions for summary of judgment have been filed; rather, motions to dismiss were filed under Fed. R. Civ. P. 12(b)(1) and (6) and the Court has not converted these into motions for summary judgment. Therefore, Plaintiffs need not obtain a court order to dismiss this

6

action voluntarily and the Court will construe Plaintiffs' Motion as a Notice of Voluntary Dismissal.  *See* 8 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 41.33[5][c][viii][A] at 41-65 (3d ed. 2011) ("The plaintiff's right to a voluntary dismissal is not extinguished by the filing of a motion to dismiss under Fed. R. Civ. P. 12(b), subject to the exception of Rule 12(b)(6) motions converted to motions for summary judgment.") (citing *Phillips USA Inc. v. Allflex USA, Inc.*, No. 92-2405, 1993 WL 545216, at *5 (D. Kan. Dec. 10, 1993) (unpublished) (finding that the plaintiff was "entitled to dismissal without prejudice of the claims against [a defendant] as a matter of right" where that defendant filed a Rule 12(b) motion); *Muller v. TSC Indus., Inc.*, No. 92-4084, 1992 WL 223766, at *1 (D. Kan. Aug. 26, 1992) (unpublished) ("Rule 41 establishes a bright line rule and the filing of a motion to dismiss will not prevent the plaintiff from voluntarily dismissing the case.")).

### III. CONCLUSION

Accordingly, IT IS ORDERED THAT:

(1) Plaintiffs' Motion to Dismiss Defendants HSBC and Castle, Meinhold & Stawiarski, LLC Without Prejudice and Motion to Dismiss Defendants Vertex Financial Group, Inc., and Governor John W. Hickenlooper, in His Official Capacity, With Prejudice (Doc. # 71) is converted to a Notice of Voluntary Dismissal of Defendants HSBC and Castle, Meinhold & Stawiarski, LLC Without Prejudice and Defendants Vertex Financial

       Group, Inc., and Governor John W. Hickenlooper, in His Official Capacity, With Prejudice under Fed. R. Civ. P. 41(a)(1)(A)(i);

(2) Pursuant to the aforementioned Notice of Voluntary Dismissal, the claims against Defendants HSBC and Castle Meinhold Stawiarski, LLC are dismissed without prejudice and the claims against Defendants Vertex Financial Group, Inc. and Governor John W. Hickenlooper, in his official capacity, are dismissed with prejudice;

(3) The parties shall bear their own costs and fees; and

(4) By no later than **close of business on Friday, July 15, 2011**, Plaintiff shall advise the Court as to whether the claims against the State of Colorado, the last remaining Defendant, are voluntarily dismissed.

DATED: July   07  , 2011

                                                      BY THE COURT:

*(signed)* Christine M. Arguello
_____
CHRISTINE M. ARGUELLO
United States District Judge